ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CARL DAVIS ASKEW, | ) | CASE NO. 4:09CV1678 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| JEFF LONG, et al., | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Carl Davis Askew, an inmate incarcerated in a federal prison, brings this action under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against defendants Cook Supervisor Jeff Long ("Long") and Federal Correctional Institution, Elkton, Ohio. He alleges that, on September 30, 2007, he reported to work in the Food Service Department. While walking around the cook area, he observed certain inmates gathering around the Butcher Shop area trying to open the door. Long was pushing the door knob trying to open the door when the plaintiff pointed to his key ring and "expressed him 'try your keys.'" Long allegedly reacted by slapping the plaintiff very hard in the face and stating to plaintiff, "are you stupid," pointing to the Food Service Department security camera and walked away.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No.

99-5323, 2000 WL 145167, at * 2 (6th Cir. Feb.1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff merely alleges that Long slapped him in the face. The Sixth Circuit has held that although an inmate may bring a claim for excessive force under the Eighth Amendment, an excessive force claimant must show something more than *de minimus* force. *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008) (citing *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992)). Minor contact cannot be the foundation of an Eighth Amendment claim because it does not rise to the level of the "extreme deprivation" required to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001); *Gosser v. Pulaski County Detention Center*, No. Civ.A. 6:06-12-DCR, 2006 WL 1542605, at *3 (E.D. Ky. May 31, 2006).

The complaint also contains no indication of injury. There was no hospital visit after the encounter, no doctor's visit, no allegation of a bruise, nor anything to indicate that the slap was more than a slight use of force with only an inconsequential injury. *See Leary*, 528 F.3d at 443 (strike in the back of the neck was *de minimus* since there was no hospital visit, no doctor's visit, no bruise, nothing in short to indicate that the encounter rose above a negligible force or caused anything more than a trifling injury).

Accordingly, this action will be dismissed pursuant to 28 U.S.C. § 1915A. Furthermore, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

| | |
|---|---|
| January 29, 2010 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

3